70 F.3d 123
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth F. NUCKOLS, Petitioner-Appellee,
v.
Dan M. REYNOLDS, Respondent-Appellant.
 No. 94-6066.
 United States Court of Appeals, Tenth Circuit.
 Nov. 15, 1995.
 
 Before SEYMOUR, Chief Judge, and TACHA and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Kenneth F. Nuckols brought a petition for habeas corpus relief pursuant to 28 U.S.C. 2254 challenging his state court murder conviction and sentence of death. The federal district court granted partial summary judgment for Mr. Nuckols invalidating his death penalty. The court subsequently issued an order directing the parties to show cause why further relief should not be granted in the form of an order directing petitioner's release from custody on the instant conviction unless he is resentenced "to a sentence no more severe than life imprisonment with possibility of parole." Order, June 28, 1993. In response to the State's challenge to the show cause order, the court entered a stay of the order. It subsequently held that petitioner had been acquitted of the death sentence and that further efforts by the state to resentence him to death would constitute double jeopardy. The state has appealed this order on the merits although the stay was not lifted and no further direction was given.
 
 
 2
 We have jurisdiction in a habeas corpus proceeding only over a final order. See 28 U.S.C. 2253. The order which the State requests us to review is not final and we therefore are without jurisdiction to consider it.
 
 
 3
 The appeal is DISMISSED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470